**James J. REYNOLDS, Plaintiff–Appellant,**

v.

**The UNITED STATES of America, The City of New York, Defendants–Appellees.**

No. 08–0926–cv.

United States Court of Appeals, Second Circuit.

Sept. 17, 2009.

James J. Reynolds, Bronx, NY, pro se.

Matthew L. Schwartz, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York. Michael Cardozo, Corporation Counsel, City of New York, for Appellees.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, *Circuit Judges,* and JANE A. RESTANI,* Judge.

### SUMMARY ORDER

Plaintiff–Appellant James J. Reynolds, *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York (Wood, *C.J.*), granting summary judgment to Defendant–Appellee the United States of America on Reynolds's Freedom of Information Act ("FOIA") claims, 5 U.S.C. § 552. We assume the parties' familiarity with the

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

facts of this case, its procedural history, and the issues presented on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir.1994). Affidavits or declarations that supply facts "indicating that the agency has conducted a thorough search and giving reasonably detailed explanations" for why any withheld documents fell within a FOIA exemption are sufficient to meet the agency's burden, and we accord such affidavits a presumption of good faith. *Id.* This presumption "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 489 (2d Cir. 1999) (internal quotation marks omitted).

Here, Reynolds provided no evidence to contradict the various agency affidavits, which attested that each agency had conducted a review for relevant documents and either did not find relevant documents or produced all responsive documents to Reynolds. Thus, the government established that it had conducted a reasonable search of records and was entitled to summary judgment. *See Carney,* 19 F.3d at 812. Although Reynolds alleges that certain ambiguities in the declarations provided by the Federal Bureau of Investigation ("FBI") and National Archives and Records Administration ("NARA") prove that the agencies were withholding documents, the FBI's and NARA's declarations unambiguously stated that their searches did not reveal any relevant documents. Reynolds also asserts that a Department of Education ("DOE") employee assured him that a written record of his inquiry existed, but that this record was not produced. However, Reynolds provided no evidence of any sort to support his allegation that a written record existed. As we have recognized, such speculative assertions are insufficient to rebut the presumption accorded to agency affidavits. *Grand Cent. P'ship,* 166 F.3d at 489.

Reynolds also contends that NARA failed to perform an adequate search because (1) it did not conduct a new search upon receiving his March 2006 request; and (2) it did not search for records of "John Doe." NARA explained, however, that it did not conduct another search of records because it had already searched its only available computerized index of over 700 boxes of documents, which did not reveal any reference to Reynolds. Moreover, NARA need not have conducted a perfect search; it was only required to conduct a search "reasonably calculated" to discover relevant documents, which it did here. *Id.*

We have reviewed Reynolds's remaining arguments and find them to be without merit.

For the reasons stated above, the judgment of the district court is AFFIRMED. It is further ORDERED that Reynolds's motion for reinstatement of his claims against the City of New York is DENIED.